UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff

                                     DECISION and ORDER
-vs-                                      21-CR-6080 CJS/MWP

MICHAEL RECH

                Defendant.

---

      This case was referred by text order of the undersigned, entered May 13, 2021, to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)–(B), ECF No. 32. On October 24, 2021, Defendant filed an amended omnibus motion, ECF No. 30, seeking *inter alia,* suppression of tangible evidence.[1] Defendant maintained that he was entitled to suppression since the tangible evidence at issue was obtained by way of a search warrant that was invalid as a matter of law pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Subsequently, on February 22, 2022, Defendant filed a supplemental motion to suppress, including an affidavit to establishing standing with respect to his prior application to suppress physical evidence, and additionally seeking to suppress statements, arguing that they were acquired in violation of his Fifth Amendment rights against self-incrimination.

---

[1] As Magistrate Judge Payson noted, originally Defendant sought suppression of certain seized items on the basis that items seized were outside the scope of the warrant. However, he withdrew that portion of his application based upon the government's representation that it would not seek to introduce those items into evidence.

On March 1, 2022, ECF No. 58, an evidentiary hearing was held regarding Defendant's applications to suppress tangible evidence and statements. On March 29, 2022, Magistrate Judge Payson filed a Report and Recommendation ("R. & R."), ECF No. 63 recommending that Defendant's application to suppress tangible evidence and for a *Franks* hearing be denied. Magistrate Judge Payson also recommended in her R. & R. that Defendant's application to suppress statements be denied. After being granted an extension, ECF No. 66, Defendant timely filed his "Objection to the Magistrate Judge's Report and Recommendation Concerning Defendants' Motion to Suppress Physical Evidence and to Suppress Statements," May 3, 2022, ECF No. 71. Subsequently, by letter order filed on May 9, 2022, ECF No. 73, the Court granted the government's request to file a response to Defendant's objection, giving the government until May 20, 2022, to file responding papers. On May 20, 2022, the government filed its response, ECF No. 77.

> In objecting to the R. & R. as to tangible evidence, Defendant argues that:
>
> Upon information and belief, the supporting affidavit by the agents is either intentionally false and/or a reckless and negligent disregard of and/or indifference to an official duty to exercise due care in avoiding material disregard of and/or indifference to an official duty to exercise due care in avoiding material misstatements of fact. Said false statements were necessary and intended to mislead the issuing court to believe probable cause existed. *Franks v. Delaware*, 438 US 154 (1978). Mr. Rech specifically contends the allegations contained within the search warrant application are void of any factual reference to the Defendant or his alleged involvement in any criminal activity.

*Id.,* p. 5. In objecting to the R. & R. as to statements, Defendant states that "[a] hearing was held on this matter, and the defense did not offer any further submissions after the hearing. We rely on the record of the hearing and move to suppress any statements obtained by law enforcement agents." *Id.*, pp. 7–8.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R. & R. to which objections have been made. Upon a *de novo* review of the R. & R., including a review of the transcript of the evidentiary hearing held on March 1, 2022, ECF No. 60, as well as exhibits received into evidence, the Court accepts Magistrate Judge Payson's proposed findings and recommendation. In that regard, the Court notes that :

> In conducting its *de novo* review, the district court must give appropriate deference to the credibility determinations made by the magistrate judge who conducted an evidentiary hearing and observed the witness testimony. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980) (district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (holding that "without an evidentiary hearing, the District Court could not reject the Magistrate Judge's proposed credibility finding"); *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) ("The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings."); *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009)

*United States v. Guobadia*, 2019 WL 1593922, at *2–3 (W.D.N.Y. 2019)*; See also United States v. Preston*, 635 Fed. Supp. 2d 267 (W.D.N.Y. 2005).

Accordingly, for the reasons set forth in Magistrate Judge Payson's R. & R., ECF No. 63, Defendant's application to suppress tangible evidence, ECF No. 30 and ECF No. 56, as well as his application to suppress statements, ECF No. 56, are both denied.

IT IS SO ORDERED.

Dated:  Rochester, New York
          June 2, 2022

       ENTER:

            /s/ Charles J. Siragusa
            CHARLES J. SIRAGUSA
            United States District Judge